UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA BRISSON | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TMI EMPLOYEE MANAGEMENT, L.P. | : | |
| | : | |
| Defendant. | : | AUGUST 3, 2021 |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant TMI Employee Management,

L.P. ("TMI" or "Defendant"), by and through its undersigned counsel, hereby notices the removal

of this action to the United States District Court for the District of Connecticut. As grounds in

support of this Notice of Removal, Defendant states the following:

## I.   TIMELINESS OF REMOVAL

1.    On or about July 16, 2021, Plaintiff Angela Brisson ("Brisson" or "Plaintiff") filed

a civil action against Defendant in the Superior Court of Connecticut, Judicial District of Hartford,

Docket No. HHD-CV21-6144761-S (the "Complaint"). Copies of the Summons and Complaint

are attached hereto as **Exhibit A**, pursuant to 28 U.S.C. §1446(d).   These are the only process,

pleadings, or orders known by Defendant to have been served in this action.

2.    Defendant was served with a copy of the Summons and Complaint on or around

July 9, 2021.

3.     Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.     VENUE

4.     The Superior Court of Connecticut, Judicial District of Hartford, is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.     This action is properly removable under 28 U.S.C. §1441(a) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."

### a.  AMOUNT IN CONTROVERSY

6.     As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

7.     Plaintiff's Demand for Relief "prays for appropriate damages" but does not specify any amount. *See* Pl.'s Compl. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (citing *Vermande v. Hyundai Motor Am., INC.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

8.     Plaintiff's Complaint contains one count against Defendant: pregnancy discrimination in violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(7) ("CFEPA").

9.      In relation to her claims, Plaintiff seeks monetary damages, which include: "compensatory damages; damages for back pay; front pay, lost personal days, emotional distress; consequential damages; reasonable attorney's fees; costs; interest…prejudgment interest; post judgment interest; statutory punitive damages under the CFEPA…and for all other just and proper relief." (Pl.'s Compl at p. 6.)

10.     According to the allegations in the Complaint, Plaintiff's employment with Defendant ended on or about January 24, 2020. (Pl.'s Compl. at ¶ 25.) Prior to termination, Plaintiff held the position of Hotel Housekeeper in which she claims to have made $350/week. (Pl.'s Compl. at ¶ 6.) While Defendant does not concede or admit any damages, based on the likely date of a trial in this matter, Plaintiff's claims for compensatory and emotional damages could exceed $75,000. *Id.*

11.     Finally, where attorneys' fees are potentially recoverable pursuant to statute, which is the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, INC.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. §46a-104. Given the nature of Plaintiff's claims, her attorneys' fees could exceed $75,000.00 if she is successful.

12.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### b.  DIVERSITY OF CITIZENSHIP

13.     According to her Complaint, Plaintiff is a resident and citizen of the State of Connecticut.  (*See* Pl. Compl. ¶ 1.)

14.     Defendant is a Delaware limited partnership. Its general partner is TMI Holdings I GP, L.L.C., which is a Delaware limited liability company, and its limited partner is TMI Hotel Holdings, L.L.C., which is a Delaware limited liability company. None of these partners' members are Connecticut residents.

15.     Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## IV.     **CONCLUSION**

16.     To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

17.     Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal has been served upon all adverse parties and upon the Clerk of the State Court.

18.     By removing this matter, Defendant does not waive or intend to waive any defense that may be available to it.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of Hartford, to the United States District Court for the District of Connecticut.

DEFENDANT,
TMI EMPLOYEE MANAGEMENT, L.P.


By:___/s/ Kelly M. Cardin_____
Kelly M. Cardin (CT29162)
kelly.cardin@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
281 Tresser Blvd., Suite 602
Stamford, CT 06901
Telephone: 203-969-3109
Facsimile: 203-969-3150

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2021, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

James v. Sabatini, Esq.
Sabatini & Associates, LLC
1 Market Square
Newington, CT 06111


*/s/ Kelly M. Cardin*
Kelly M. Cardin

# EXHIBIT A

47820649.2

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| | |
|---|---|
| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT SUPERIOR COURT www.jud.ct.gov  |

Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|---|
| 95 Washington Street; Hartford, CT 06106 | | ( 860 ) 548 – 2700 | 08/10/2021 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | Hartford | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 667 – 0839 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: **BRISSON, Angela**<br>Address: **47 Main Street; #109; Vernon, CT 06066** | **P-01** |
| **Additional plaintiff** | Name:<br>Address: | **P-02** |
| **First defendant** | Name: **TMI EMPLOYEE MANAGEMENT, L.P.; 5851 Legacy Circle; Suite 400; Plano, Texas 75024**<br>Address: **Agent: CT Corporation System; 67 Burnside Avenue; East Hartford, CT 06108** | **D-01** |
| **Additional defendant** | Name:<br>Address: | **D-02** |
| **Additional defendant** | Name:<br>Address: | **D-03** |
| **Additional defendant** | Name:<br>Address: | **D-04** |

| Total number of plaintiffs: 1 | Total number of defendants:1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 7- /-2021 | | ☐ Clerk | James V. Sabatini, Esquire |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.

b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.

c. The court staff is not permitted to give any legal advice in connection with any lawsuit.

d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| | | For Court Use Only |
|---|---|---|
| | | File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

Page 1 of 2

RETURN DATE:   August 10, 2021

| ANGELA BRISSON | : | SUPERIOR COURT |
| VS. | : | HARTFORD JUDICIAL DISTRICT |
| TMI EMPLOYEE MANAGEMENT, L.P. | : | JULY 7, 2021 |

## COMPLAINT

1.     Plaintiff Angela Brisson was and is a Connecticut citizen residing in the Town of Vernon.

2.     Defendant TMI Employee Management, L.P. was and is a limited partnership organized and existing under the laws of the State of Delaware with a principal place of business identified as 5851 Legacy Circle Suite 400, Plano, Texas 75024.

3.     Defendant's general partner is TMI Holdings I GP, LLC.   TMI Holdings I GP, LLC lists a business address with the Connecticut Secretary of State as 5851 Legacy Circle, Suite 400, Plano, Texas 75024.

4.     TMI Holdings I GP, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

5.     Defendant employs 50 or more employees.

6.     Defendant employed plaintiff as a housekeeper at a Manchester, Connecticut hotel that the defendant managed and/or owned.

7.     Defendant hired plaintiff on or about March 17th 2017.

8.     Plaintiff was qualified for the job. Plaintiff possessed the basic skills to perform the essential functions of the housekeeper job.

9.     In the summer of 2019, plaintiff applied for a promotion.

10.     Plaintiff had to undergo a background check as a part of her application for the promotion.

11.     Plaintiff disclosed that she had prior felony convictions on her application for the promotion.

12.     Around the time that plaintiff applied for the promotion, plaintiff became pregnant.

13.     Plaintiff was not offered the promotion that she applied for.

14.     In mid-January of 2020, plaintiff went to her doctor's office to fill out an FMLA protected leave request.

15.     Plaintiff's doctor also provided her with a note that requested a reasonable accommodation in the form of fewer checkouts for plaintiff to complete. This requested accommodation was due to plaintiff's pregnancy.

16.     Defendant employs Brandon McDermott.

17.     Brandon McDermott is a supervisory employee.

18.     When plaintiff presented the doctor's note requesting a reasonable accommodation, Brad McDermott told plaintiff that "we do not accept Dr.'s notes".

19.     The doctor's note was a request for accommodation for plaintiff's pregnancy.

20.     By refusing to accept the doctor's note, the defendant was refusing to even consider let alone decide whether or not to accommodate plaintiff's pregnancy.

21.     Defendant employs or has employed Tammy Johnson and Lucia Coy as Housekeepers.

22.     When Johnson and Coy attempted to submit doctors' notes, McDermott told Johnson and Coy that defendant "does not accept Dr.'s notes".

23.    Defendant employs an Assistant manager named Maritza.

24.    Maritza wrote plaintiff up for an unexcused absence, despite the fact that plaintiff had a doctor's appointment and provided defendant with a doctor's note.

25.    Defendant terminated plaintiff's employment on January 24, 2020.

26.    McDermott stated that plaintiff was terminated because she failed a background check that defendant conducted approximately seven months prior when plaintiff applied for the promotion in the summer of 2019.

27.    Plaintiff's expected due date was March 2, 2020.

28.    Defendant was notified of the expected due date.

29.    Defendant was on notice that plaintiff intended to take a maternity leave of absence.

30.    Allowing an employee to miss time from work to see a health care provider due to pregnancy is a reasonable accommodation.

31.    Connecticut's Fair Employment Practices Act specifically requires employers to reasonably accommodate pregnancy employees and such reasonable accommodations include modified work and doctor's appointments during work hours.

32.    Any and all excuses to be offered by defendant to explain the termination decision would be a pretext to mask unlawful retaliation and discrimination.

33.    On or about June 29, 2020, Plaintiff filed a complaint against the defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

34.    Plaintiff received a release of jurisdiction from the CHRO on or about April 13, 2021 (copy attached as Exhibit 1).

## FIRST COUNT
### (Pregnancy Discrimination – C.G.S. §46a-60(b)(7))

1.     Plaintiff repeats the allegations paragraphs 1 through 34 as if fully incorporated herein.

35.     Defendant, by and through its agents, managers, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(7) in one or more of the following ways.

   a.     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's pregnancy;

   b.     In that defendant limited and classified the plaintiff by her pregnancy in such a way that deprived her of her employment and/or employment opportunities;

   c.     In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

   d.     In that defendant treated the plaintiff adversely different from similarly situated non-pregnant employees;

   e.     In that defendant failed to reasonably accommodate plaintiff's pregnancy;

   f.     In that defendant denied plaintiff a promotion because of her pregnancy.

36.     As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(7), plaintiff suffered damages including: loss of employment, loss of promotion, loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan.

37.     As a further result of defendant's actions, plaintiff has suffered severe humiliation, embarrassment, emotional distress, harm to professional and personal reputation.

4

38.    Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; consequential damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; statutory punitive damages under the CFEPA; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 7th day of July, 2021.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

James V. Sabatini

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Angela Brisson**
**COMPLAINANT**

CHRO No. 2140002
vs.                                                    EEOC No. 16A202001194

**Aimbridge Hospitality LLC**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

**DATE:  April 13, 2021**                    Tanya A. Hughes, Executive Director

cc:
Complainant's Attorney: James Sabatini, Esq.
Sabatini & Assoc., LLC
Email: jsabatini@sabatinilaw.com

Respondent's Attorney: Kelly Cardin, Esq.
Ogletree Deakins
Email: Kelly.cardin@ogletree.com

Case File.

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|



STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street; Hartford, CT 06106 | ( 860 ) 548 – 2700 | 08/10/2021 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
| ☐ Housing Session | ☐ Number: | Hartford | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 667 – 0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: BRISSON, Angela<br>Address: 47 Main Street; #109; Vernon, CT 06066 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: TMI EMPLOYEE MANAGEMENT, L.P.; 5851 Legacy Circle; Suite 400; Plano, Texas 75024<br>Address: Agent: CT Corporation System; 67 Burnside Avenue; East Hartford, CT 06108 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 7- 7-2021 | | ☐ Clerk | James V. Sabatini, Esquire |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**RETURN DATE: August 10, 2021**

| | | |
|---|---|---|
| **ANGELA BRISSON** | : | **SUPERIOR COURT** |
| **VS.** | : | **HARTFORD JUDICIAL DISTRICT** |
| **TMI EMPLOYEE**<br>**MANAGEMENT, L.P.** | : | **JULY 7, 2021** |

## COMPLAINT

1.     Plaintiff Angela Brisson was and is a Connecticut citizen residing in the Town of Vernon.

2.     Defendant TMI Employee Management, L.P. was and is a limited partnership organized and existing under the laws of the State of Delaware with a principal place of business identified as 5851 Legacy Circle Suite 400, Plano, Texas 75024.

3.     Defendant's general partner is TMI Holdings I GP, LLC. TMI Holdings I GP, LLC lists a business address with the Connecticut Secretary of State as 5851 Legacy Circle, Suite 400, Plano, Texas 75024.

4.     TMI Holdings I GP, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

5.     Defendant employs 50 or more employees.

6.     Defendant employed plaintiff as a housekeeper at a Manchester, Connecticut hotel that the defendant managed and/or owned.

7.     Defendant hired plaintiff on or about March 17th 2017.

8.     Plaintiff was qualified for the job. Plaintiff possessed the basic skills to perform the essential functions of the housekeeper job.

9.     In the summer of 2019, plaintiff applied for a promotion.

10. Plaintiff had to undergo a background check as a part of her application for the promotion.

11. Plaintiff disclosed that she had prior felony convictions on her application for the promotion.

12. Around the time that plaintiff applied for the promotion, plaintiff became pregnant.

13. Plaintiff was not offered the promotion that she applied for.

14. In mid-January of 2020, plaintiff went to her doctor's office to fill out an FMLA protected leave request.

15. Plaintiff's doctor also provided her with a note that requested a reasonable accommodation in the form of fewer checkouts for plaintiff to complete. This requested accommodation was due to plaintiff's pregnancy.

16. Defendant employs Brandon McDermott.

17. Brandon McDermott is a supervisory employee.

18. When plaintiff presented the doctor's note requesting a reasonable accommodation, Brad McDermott told plaintiff that "we do not accept Dr.'s notes".

19. The doctor's note was a request for accommodation for plaintiff's pregnancy.

20. By refusing to accept the doctor's note, the defendant was refusing to even consider let alone decide whether or not to accommodate plaintiff's pregnancy.

21. Defendant employs or has employed Tammy Johnson and Lucia Coy as Housekeepers.

22. When Johnson and Coy attempted to submit doctors' notes, McDermott told Johnson and Coy that defendant "does not accept Dr.'s notes".

23.    Defendant employs an Assistant manager named Maritza.

24.    Maritza wrote plaintiff up for an unexcused absence, despite the fact that plaintiff had a doctor's appointment and provided defendant with a doctor's note.

25.    Defendant terminated plaintiff's employment on January 24, 2020.

26.    McDermott stated that plaintiff was terminated because she failed a background check that defendant conducted approximately seven months prior when plaintiff applied for the promotion in the summer of 2019.

27.    Plaintiff's expected due date was March 2, 2020.

28.    Defendant was notified of the expected due date.

29.    Defendant was on notice that plaintiff intended to take a maternity leave of absence.

30.    Allowing an employee to miss time from work to see a health care provider due to pregnancy is a reasonable accommodation.

31.    Connecticut's Fair Employment Practices Act specifically requires employers to reasonably accommodate pregnancy employees and such reasonable accommodations include modified work and doctor's appointments during work hours.

32.    Any and all excuses to be offered by defendant to explain the termination decision would be a pretext to mask unlawful retaliation and discrimination.

33.    On or about June 29, 2020, Plaintiff filed a complaint against the defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

34.    Plaintiff received a release of jurisdiction from the CHRO on or about April 13, 2021 (copy attached as Exhibit 1).

## FIRST COUNT
### (Pregnancy Discrimination – C.G.S. §46a-60(b)(7))

1.      Plaintiff repeats the allegations paragraphs 1 through 34 as if fully incorporated herein.

35.      Defendant, by and through its agents, managers, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(7) in one or more of the following ways.

a.      In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's pregnancy;

b.      In that defendant limited and classified the plaintiff by her pregnancy in such a way that deprived her of her employment and/or employment opportunities;

c.      In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

d.      In that defendant treated the plaintiff adversely different from similarly situated non-pregnant employees;

e.      In that defendant failed to reasonably accommodate plaintiff's pregnancy;

f.      In that defendant denied plaintiff a promotion because of her pregnancy.

36.      As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(7), plaintiff suffered damages including: loss of employment, loss of promotion, loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan.

37.      As a further result of defendant's actions, plaintiff has suffered severe humiliation, embarrassment, emotional distress, harm to professional and personal reputation.

4

38.    Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; consequential damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; statutory punitive damages under the CFEPA; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 7th day of July, 2021.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

James V. Sabatini

6

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Angela Brisson**
**COMPLAINANT**

vs.

CHRO No. 2140002
EEOC No. 16A202001194

**Aimbridge Hospitality LLC**
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

**DATE:** **April 13, 2021**     Tanya A. Hughes, Executive Director

cc:
    Complainant's Attorney: James Sabatini, Esq.
                     Sabatini & Assoc., LLC
                     Email: jsabatini@sabatinilaw.com

    Respondent's Attorney: Kelly Cardin, Esq.
                    Ogletree Deakins
                    Email: Kelly.cardin@ogletree.com
    Case File.